UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KAYLIN E. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 26-cv-13522<br><br>Honorable Robert J. White |

**OPINION AND ORDER DISMISSING THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

FCI Hazelton inmate Kaylin E. Johnson filed this action under 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65(d). As best the Court can discern, Johnson is attempting to challenge the validity of his federal criminal conviction in *United States v. Johnson*, No. 22-cr-20280. For the following reasons, the complaint is dismissed for lack of subject matter jurisdiction.

Johnson pled guilty to possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and possessing with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Case No. 22-20280, ECF No. 82). The United States Court of Appeals for the Sixth Circuit subsequently affirmed his conviction. (*Id.*, ECF Nos. 101-02). And the

district judge assigned to his criminal case denied his motion to vacate his sentence under 28 U.S.C. § 2255. (*Id.*, ECF Nos. 94, 104).

Johnson then moved for a reduction in his sentence and compassionate release. (*Id.*, ECF No. 113). And he filed another post-conviction motion that appears to be identical in all material respects to the present complaint. (*Id.*, ECF No. 117). The only significant difference between the two pleadings is the captioning. Johnson's criminal case uses his criminal case number. (*Id.*, ECF No. 117, PageID.741). The caption in this case replaces the criminal case number with "Civil proceeding Civil Matter." (Case No. 26-13522, ECF No. 1, PageID.1).

As for the complaint itself, Johnson seems to allege that 18 U.S.C. § 924(c)(1)(a) and 21 U.S.C. § 841 violate the Eighth Amendment to the United States Constitution. (*Id.*, PageID.3). He also seeks – his words – "preliminary injunction relief on District Court's Criminal Case No. 22-cr-20280 Judgment/lien to be in violation of the Plaintiff due process and liberty rights of the U.S. Const. Amend. XIV; with discharge and assistance to removal of judgment." (*Id.,* PageID.5-6) (internal quotation marks omitted).

But Johnson may not attack the validity of his federal conviction in a separate civil proceeding. Constitutional challenges to the fact or duration of confinement are the proper subject of a section 2255 motion rather than a civil complaint alleging section 1983 violations. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also*

*United States v. West*, 70 F.4th 341, 346-347 (6th Cir. 2023); *Celli v. N.Y. Dep't of Educ.*, No. 21-10455, 2022 U.S. Dist. LEXIS 444, at *5-6 (S.D.N.Y. Jan. 3, 2022) (rejecting the plaintiff's attempt to employ section 1983 as the mechanism for challenging the constitutionality of a *federal* conviction).

And because Johnson commenced this action against the United States asserting a ground upon which the federal government has not waived its sovereign immunity, the complaint must be dismissed for lack of subject matter jurisdiction. *See Gaetano v. United States*, 994 F.3d 501, 506, 508 (6th Cir. 2021) (stating that the federal government's "[s]overeign immunity is jurisdictional in nature" and may be addressed *sua sponte*); *see also* Fed. R. Civ. P. 12(h)(3). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: September 30, 2026

s/ Robert J. White
Robert J. White
United States District Judge